UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY COMPANY,<br><br>                Plaintiffs,<br><br>  -against-<br><br>STAR MEDICAL DIAGNOSTIC, P.C., NEW YORK MEDICAL & DIAGNOSTIC CARE, P.C., PERVAIZ QURESHI, M.D., ROBERT SOLOMON, M.D., NAIYER IMAM, M.D., and SASAN AZAR, M.D.,<br><br>                Defendants. | **MEMORANDUM<br>AND ORDER**<br>Case No. 24-CV-8049 |

*Appearances:*
*For the Plaintiffs:*
BARRY I. LEVY
PETER J. HENNINGER
MAX SAULTER GERSHENOFF
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556

*For the Defendants Star Medical Diagnostic, P.C., New York Medical & Diagnostic Care, P.C., and Pervaiz Qureshi, M.D.:*
BRUCE S. ROSENBERG
Rosenberg Law, P.C.
1225 Franklin Avenue, Suite 325
Garden City, NY 11530

*For the Defendant Naiyer Imam, M.D.:*
STEVEN I. SUPER
Super Associates P.C.
595 Stewart Avenue, Suite 750
Garden City, NY 11530

*For the Defendant Sasan Azar, M.D.:*
ADAM B. DRESSLER
The Dressler Law Firm, PLLC
300 West 38th Street
New York, NY 10018

1

**BLOCK, Senior District Judge:**

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs" or "GEICO") bring this action against Star Medical Diagnostic, P.C. ("Star Medical"), New York Medical & Diagnostic Care, P.C. ("New York Medical"), Pervaiz Qureshi, M.D., Robert Solomon, M.D., Naiyer Imam, M.D., and Sasan Azar, M.D. (collectively, "Defendants"). GEICO alleges that Defendants committed civil violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), common law fraud, and unjust enrichment. Additionally, GEICO seeks a declaratory judgment that it is not liable for any of the outstanding and unpaid billing submitted to it through Star Medical and New York Medical.

GEICO now moves for a preliminary injunction to (1) stay all pending No-Fault insurance collection arbitration against GEICO commenced by or on behalf of Defendants,[1] pending disposition of GEICO's claims, and (2) enjoin Defendants, or anyone acting or purporting to act on their behalf, from commencing new no-fault insurance collection arbitration or new no-fault collection litigation against GEICO, pending resolution of GEICO's claims.

---

[1] At the time the parties briefed this motion, Defendants had collectively initiated approximately 1,002 arbitrations, including 150 initiated after GEICO filed its complaint. ECF No. 45-2 at ¶¶ 27–29.

Additionally, all Defendants except Dr. Naiyer Imam and Dr. Sasan Azar ("Moving Defendants") move to dismiss GEICO's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). GEICO also moves to dismiss the Counterclaim made by Defendant Dr. Naiyer Imam pursuant to Rule 12(b)(6).

For the following reasons, GEICO's motions are GRANTED and Moving Defendant's motion is DENIED.

## I.  Background

The following facts are taken from the Complaint and Defendant Dr. Naiyer Imam's ("Imam") Answer. In deciding Moving Defendants' motion to dismiss GEICO's Complaint, the Court accepts GEICO's Complaint as true and draws all reasonable inferences in its favor. To resolve GEICO's motion to dismiss Defendant Imam's counterclaim, the Court takes his Answer as true and draws all inferences in his favor.

The Complaint alleges that Defendants submitted, or caused to be submitted, fraudulent non-reimbursable no-fault insurance charges through Star Medical and New York Medical. Defendants allegedly rendered their claims fraudulent by providing medically unnecessary services—if they provided the billed-for services at all—using pre-determined fraudulent protocols, by having independent contractors perform such services, and by otherwise not complying with relevant

3

laws and regulations. Charts attached to the Complaint detail the alleged fraudulent claims. *See* ECF Nos. 1-3, 1-4.

Defendant Imam—who allegedly performed services for Star Medical and New York Medical and previously held minority ownership of both—counterclaims that GEICO has allegedly failed to follow the proper principles and procedures for handling no-fault claims required by relevant regulations, chiefly 11 N.Y.C.R.R. § 65-3.2. In doing so, Defendant Imam claims that GEICO "employed red-tape and dilatory practices" to deter healthcare providers, like Imam, from submitting allegedly "proper claims for reimbursement" and to deny such claims. ECF No. 24 at ¶¶ 217, 222. GEICO did so by, for example, demanding that providers, including Imam, produce information allegedly unrelated to verifying claims or submit to Examinations Under Oath without a good faith basis. *Id.* at ¶¶ 218–19.

## II. Preliminary Injunction

"To obtain a preliminary injunction, a party must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest."[2] *State Farm Mut. Auto. Ins. Co.*

---

[2] Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

4

*v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024). "Likelihood of success is not the focus at the early stages of a case such as this, because any likelihood of success inquiry would be premature. Instead, the Court looks to whether there is a serious question going to the merits to make them a fair ground for trial." *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013).

This Court recently addressed a substantially similar case and explained why granting GEICO's motion is appropriate under the Second Circuit's decision in *Tri-Borough*. *See Gov't Emps. Ins. Co. v. Akiva Imaging Inc.*, 1:24-CV-6549, 2025 WL 1434297, at *1–4 (E.D.N.Y. May 19, 2025) (analyzing *Tri-Borough*, 120 F.4th 59). Defendants' arguments here do not warrant a different conclusion. The Court thus adopts its reasoning in *Akiva* and issues the sought injunction.

### III. Motion to Dismiss GEICO's Claims

Moving Defendants argue that GEICO's claims should be dismissed for failing to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b) and for not delineating allegations by individual defendant. They also seek dismissal of GEICO's unjust enrichment claim for failure to allege that Defendants were directly enriched at GEICO's expense. The Court is not persuaded.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

5

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, or a "formulaic recitation of the elements of a cause of action." *Id*.

    Rule 9(b) requires a party "alleging fraud" to "state with particularity the circumstances constituting fraud[.]" "In the RICO context, Rule 9(b) calls for the complaint to specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999).

    My colleagues in this district have refused to dismiss highly analogous no-fault fraud actions pled in a manner very similar to GEICO's claims. *See* ECF No. 47-2 at 11–12 (collecting cases). This Court has too. *See Akiva Imaging*, 2025 WL 1434297, at *5. Having reviewed these cases and the Complaint, the Court agrees that GEICO has alleged a fraudulent scheme that satisfies the particularity requirements of Rule 9(b).

6

Moving Defendants' arguments often conflate "pleading with proof," ECF No. 47-2 at 14, asserting that GEICO's allegations rest on "probabilities and 'odds' at most," ECF No. 47-1 at 10. But Rule 9(b) "does not require factual pleadings that demonstrate the *probability* of wrongdoing." *See Loreley Fin. (Jersey) No. 3 Ltd v. Wells Fargo Sec., LLC*, 797 F.3d 160, 174 (2d Cir. 2015). It only requires that the Complaint, taken as true, sufficiently explains "in detail the contours of the fraudulent scheme it [plausibly] alleges." *Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 372 (E.D.N.Y. 2012) (refusing to dismiss substantially similar RICO claim under 9(b)). The Complaint does so by, for example, setting "forth facts specifying the ways in which the MRI report purportedly analyzed in connection with the claim for payment was grossly misrepresentative," *id.* at 372–73, and by detailing how Star Medical and New York Medical impermissibly submitted charges for MRIs done by technicians who were independent contractors. GEICO has also attached "to its complaint a series of charts that include each of the charges submitted by the defendants that it believes were fraudulent." *Id.* at 373; *see* ECF Nos. 1-3, 1-4. "The charts detail the entity that submitted each claim, as well as the corresponding claim number," the document mailed, the approximate date the claim was mailed, and the requested claim amount. *Lyons*, 843 F. Supp. 2d at 373. As explained in *Lyons*, "such information clearly directs defendants to the specific misrepresentations [GEICO] is alleging. Under the circumstances, the specificity

7

requirement of 9(b) requires no more regarding the who, what, where, when, how, and why of the alleged fraud in this case." *Id.*

Moving Defendants further assert that GEICO's supposed failure to delineate specific allegations against multiple defendants warrants dismissal. But the Complaint and the attached charts adequately "inform each defendant of the nature of his alleged participation" in the alleged fraudulent scheme. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). That is true even if the allegations "merely have grouped" the Defendants who acted "in concert." *See Allstate Ins. Co. v. Ahmed Halima*, 06-CV-1316, 2009 WL 750199, at *5 (E.D.N.Y. Mar. 19, 2009).

Finally, Moving Defendants contend that GEICO's unjust enrichment claim fails as a matter of law because it did not allege that Defendants were enriched directly at its expense. Not so. GEICO has alleged that Defendants were unjustly enriched by its payment of allegedly unlawful no-fault billing that they submitted or caused to be submitted through Star Medical and New York Medical. Other courts have deemed such allegations sufficient. *See, e.g*, *Gov't Emps. Ins. Co. v. Lexington Med. Diagnostic Servs., P.C.*, No. 18-CV-2990, 2020 WL 1316644, at *6 (E.D.N.Y. Mar. 20, 2020); ECF No. 47-2 at 17 (collecting cases).

The Court thus denies Moving Defendants' motion to dismiss.

8

### IV. Motion to Dismiss Defendant Imam's Counterclaim

GEICO moves to dismiss Defendant Imam's counterclaim because it does not assert a cognizable cause of action and, either way, fails to satisfy notice pleading requirements. The Court agrees.

A motion to dismiss a counterclaim under Rule 12(b)(6) is subject to the same standard as a motion to dismiss a complaint, with the counterclaim's factual allegations accepted as true. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019).

The Counterclaim asserts that GEICO violated New York insurance regulations for handling claims for reimbursement by health care providers, 11 N.Y.C.R.R. §§ 65-3.2, -3.5, and the general unfair claims practices statute, N.Y. Ins. Law. § 2601, by employing "red-tape and dilatory practices" to deter "healthcare providers, including Dr. Imam," from filing claims, ECF No. 27 at ¶¶ 217–18. GEICO correctly retorts that "there is no express or implied private right of action available to an insured party seeking to challenge an insurer's overall compliance with the New York Insurance Law or its corresponding regulations." *Gov't Emps. Ins. Co. v. Landow*, No. 21-CV-1440, 2023 WL 2734776, at *4 (E.D.N.Y. Mar. 31, 2023); ECF No. 46-1 at 9–12 (collecting cases). Rather, such "private attorney general" claims are "more appropriately within the province and jurisdiction" of the State. *Landow*, 2023 WL 2734776, at *4; *see State Farm Mut.*

9

*Auto Ins. Co. v. Robert Mallela*, 4 N.Y.3d 313, 322 (2005) (explaining that "the Superintendent's regulations themselves provide for *agency oversight* of carriers" (emphasis added)).

Imam responds by citing cases where state courts considered whether insurers complied with claim handling requirements. ECF No. 46-2 at 16–17 (collecting cases). But those cases present a different dynamic. There, a provider brings a breach of contract claim against an insurer to recover on unpaid no-fault insurance bills for healthcare services. The insurer then files a motion for summary judgment, asserting that the providers did not comply with some claim handling requirement, like by failing to respond to the insurer's request for additional information. *See, e.g.*, *Flatbush Acupuncture P.C. v. Repwest Ins. Co.*, 227 N.Y.S.3d 547 (N.Y. Civ. Ct. 2025). The provider then defends against the insurer's motion by arguing over the claim handling requirements, often retorting that the insurer improperly requested additional information. *See, e.g.*, *id.*; *HKP Physical Therapy, P.C. v. Gov't Emps. Ins. Co.*, 115 N.Y.S.3d 836 (N.Y. Civ. Ct. 2019).

Conversely, Imam seeks to recover based on these claim handling requirements, not on some separate cause of action. *See Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 615 (1994) (holding that claim for "compensatory or punitive damages" cannot stand "by alleging merely that the insurer engaged in a pattern of bad-faith conduct" in its "handling [of] insurance

10

claims"); *cf. M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 220 (E.D.N.Y. 2010) (explaining that "free-standing claim of deceptiveness" that "merely happens to overlap with provisions of the New York Insurance Law . . . is not an improper attempt to circumvent the lack of private right of action under" such laws). That conclusion holds even if the Court construes Imam's request "for actual and consequential damages" as one for declaratory relief, ECF No. 27 at ¶ 224(b), which he contends it is, ECF No. 46-2 at 18. That is because "a declaratory judgment relies on a valid legal predicate" and requires an "independent cause of action." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244–45 (2012).

    Even so, the Counterclaim is "almost entirely devoid of factual allegations," relying on statements that "are conclusory in nature." *Landow*, 2023 WL 2734776, at *3. Imam repeatedly claims that GEICO "has willfully and intentionally failed to follow proper claims handling principles," "employ[ing] red-tape and dilatory practices," such as "demanding medical providers . . . provide information unrelated to verifying claims under the pretext of a verification" or "without a good faith basis to do so." ECF No. 27 at ¶¶ 215–220. But Imam does not identify any improperly handled no-fault claim or any specific verification request.[3]

---

[3] Imam cites arbitration decisions in his brief in which "arbitrators have castigated GEICO for its persistent violations of 11 NYCRR § 65-3.2." But the Court excludes materials outside the pleadings in deciding a motion to dismiss. *See* Fed. R. Civ. P. 12(d). Even so, these arbitration decisions did not "actually involve[] Imam," according to Plaintiffs. ECF No. 46-3 at 14.

11

The Court thus dismisses the Counterclaim without prejudice and grants Imam leave to amend, as requested.

## V. Conclusion

Accordingly, GEICO's motion for a preliminary injunction is GRANTED. A preliminary injunction is issued (1) staying Defendants' pending arbitrations against GEICO, and (2) enjoining Defendants from commencing new no-fault arbitrations and litigations against GEICO until resolution of its claims. The security requirement enumerated in Federal Rule of Civil Procedure 65(c) is waived because "as this Court has previously noted, GEICO undoubtedly has the ability to pay if defendants prevail." *Gov't Emps. Ins. Co. v. Zaitsev*, No. 1:20-CV-3495, 2021 WL 3173171, at *3 (E.D.N.Y. July 27, 2021) (collecting cases).

Additionally, Defendants' motion to dismiss is DENIED, and GEICO's motion to dismiss Defendant Imam's counterclaim is GRANTED. Imam's counterclaim is dismissed without prejudice with leave to amend.

**SO ORDERED.**

                                                 /S/ Frederic Block
                                                 FREDERIC BLOCK
                                                 Senior United States District Judge

Brooklyn, New York
May 23, 2025